IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| LEWIS V. BRENDLE, JR., | : |
| | : |
|    Plaintiff, | : |
| | : |
| v. | :   CIVIL ACTION NO. |
| | :   2:14-CV-0071-RWS |
| ZACHARY L. TEMPLETON | : |
| and TRACY H. LINDSAY, | : |
| | : |
|    Defendants. | |

## **ORDER**

This case is before the Court on Defendant Tracy Lindsay's Motion for Summary Judgment, Dkt. [49] and Lindsay's Motion to Strike the Affidavit of Donald Larry Lamee, Dkt. [57].

As an initial matter, the Court recognizes that while the Affidavit of Donald Larry Lamee, Dkt. [53] was not timely filed with plaintiff's response in accordance with Local Rule 7.1(B), the affidavit was discussed within plaintiff's timely filed response brief and had been filed before defendant filed her reply brief. Thus, the Court will consider the affidavit, and the Motion to Strike, Dkt. [57], is **DENIED.**

I.  Factual Background

Defendant Tracy Lindsay is the sister of co-defendant Zachary Templeton. (Templeton Dep., Dkt. [50] 8:1-2, Dec. 2, 2014.) On April 13, 2012, Templeton obtained permission from Lindsay to use her Chevrolet Tahoe to visit their grandmother. (Id. 13:14-15, 16:9-17:5.) As a result of falling asleep while driving, he was involved in a motor vehicle accident which injured plaintiff, Mr. Lewis V. Brendle, Jr. (Templeton Dep., Dkt. [50] 13:21-14:3; Pl.'s SOMF, Dkt. [52] ¶ 2.)

Ms. Lindsay was aware that Mr. Templeton took two prescription medications, Vyvanse and Celexa, daily for Attention Deficit Hyperactivity Disorder ("ADHD") and depression. (Id. 35:14-36:2.) Lindsay was not aware that Templeton had also taken two non-prescribed drugs, Soma and Lortab, in addition to his prescription medications while at her home. (Id. 22:8-23:2, 45:3-10.)

Ms. Lindsay was aware that Templeton had been in a previous car collision, albeit one in which Templeton claims he was not at fault. (Id. 36:6-18.) Templeton was accustomed to driving after taking his prescribed medications, and the medications "never impaired [him] in anyway." (Templeton Dep., Dkt. [50] 27:6-

2

28:4). Before he left his sister's home for the visit, he took a shower, packed a bag, and sat around for a while. (Id. 44:20-45:2.) Lindsay told him to "drive safe" before he left. (Id. 35:11-13.)

The police officer responding to the collision, Mr. Donald Larry Lamee, stated, "While speaking [to] Templeton it was very obvious that he was heavily under the influence. His speech was slurred, he was unsteady on his feet, all of his eye and body movements were in slow motion and his pupils were pinpoint." (Incident Report, Dkt. [53-1] at 2.) Officer Lamee spoke with Lindsay during the course of his investigation. (Lamee Aff., Dkt. [53] ¶ 2.) Lamee's police report on his conversation with Lindsay includes her stating, "when he came over to borrow the vehicle she tought [sic] he was not acting right but she did not put 2 in [sic] 2 together." (Incident Report, Dkt. [53-1] at 2-3, April 14, 2012; Lamee Aff., Dkt. [53] ¶ 2.)

Plaintiff Brendle filed this lawsuit against Defendants Templeton and Lindsay, alleging that Lindsay is liable for damages sustained as a result of the accident pursuant to the doctrine of negligent entrustment.

II.     Legal Standard

Federal Rule of Civil Procedure 56(c) provides that a district court shall

3

grant summary judgment if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is (1) no genuine issue as to any material fact and that (2) the moving party is entitled to judgment as a matter of law." The applicable substantive law identifies which facts are material. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). An issue is genuine when the evidence is such that a reasonable jury could return a verdict for the non-movant. Anderson, 477 U.S. at 249-50.

When the non-movant has the burden of proof at trial, the movant may carry its burden at summary judgment by demonstrating the absence of an essential element of the nonmovant's claim. Celotex Corp. v. Catrett, 477 U.S. 317 (1986). In determining whether the movant has met this burden, the district court must view the evidence and all factual inferences in the light most favorable to the nonmovant. Anderson, 477 U.S. at 255. If the movant meets this burden, the nonmovant then has the burden of showing that summary judgment is not appropriate by setting forth "specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e)

III. Negligent Entrustment

Defendant Lindsay claims that she is entitled to summary judgment because

4

negligent entrustment, the plaintiff's theory of liability, is inapplicable under the circumstances here.

The doctrine of negligent entrustment provides that a person is liable if "he entrusts someone with an instrumentality, with actual knowledge that the person to whom he has entrusted the instrumentality is incompetent by reason of" (1) his age or inexperience, (2) his physical or mental condition, or (3) his known habit of recklessness. Worthen v. Whitehead, 396 S.E.2d 595, 595 (Ga. App. Ct. 1990). Here, Plaintiff does not rely on age or experience but appears to rely on physical or mental condition and a known habit of recklessness as bases for his claim.

To show actual knowledge, plaintiff can rely on circumstantial evidence. Clarke v. Cox, 397 S.E.2d 598, 599-600 (Ga. Ct. App. 1990). However, "liability cannot be premised on the [vehicle owner's] failure to inquire about the driver's competence." Smith v. Tommy Roberts Trucking Co., 435 S.E.2d 54, 57 (Ga. App. Ct. 1993). Nor can the owner be liable "merely because [he or she], by the exercise of reasonable care and diligence, could have ascertained the fact of the incompetency of the driver." Carolina Cable Contractors, Inc. v. Hattaway, 487 S.E.2d 53, 55 (Ga. App. Ct. 1997). To show habitual recklessness, "there must be evidence of actual knowledge of a pattern of [incompetence]. . . . Otherwise

5

summary judgment is warranted. . . ." <u>Carolina Cable Contractors, Inc.</u>, 487 S.E.2d at 55; <u>Saunders v. Vikers</u>, 158 S.E.2d 324, 328 (Ga. App. Ct. 1967).

    A.    Incompetence by Reason of Physical or Mental Condition

Defendant argues that she had no actual knowledge that Templeton was impaired when she permitted him to use her car. (Def.'s Mot. for Summ. J., Dkt. [49] at 11.) To the contrary, Plaintiff argues that the Lindsay did have actual knowledge of Templeton's incompetency as evidenced by her knowledge of his daily use of prescription medication, Vyvanse and Celexa. Plaintiff further argues that her actual knowledge is evidenced by her statements to Templeton to "drive safe" and to Officer Lamee that she observed Templeton "not acting right" when he came to borrow her car.

Defendant rebuts those arguments with the claim that there is no evidence that Lindsay actually knew whether Templeton took his medication that day before operating her vehicle. (Def.'s Mot. for Summ. J., Dkt. [49] at 10.) Defendant also considers Lindsay's statements to represent a "mere hunch that something may not have been right" and insufficient to fulfill the actual knowledge standard. (Def.'s Reply, Dkt. [56] at 4.)

Lindsay's knowledge of her brother's daily prescription use is insufficient

6

to show she had actual knowledge of his alleged incompetence. There is evidence in the record to support the fact that Lindsay knew her brother took medication every day. However, knowledge of ingestion of intoxicants is not the same as actual knowledge that a person is incompetent to drive. See Taylor v. Duren, 445 S.E.2d 820, 821 (Ga. App. Ct. 1994). In Taylor, the entrustor noticed the driver drank one beer before driving but did not notice "any indication that she was inebriated" before or during the thirty-minute drive. Id. at 821. "[T]here was no evidence put forward that [the driver] was exhibiting any signs of intoxication before she drove off in the truck." Taylor, 445 S.E.2d at 821. The entrustor stated that her driving was fine and that he would not have ridden in the car himself if he had known the driver was inebriated. Id. The court held that there was no basis upon which the entrustor could have known that the driver was incompetent to drive at the time he entrusted the vehicle to her. Id.

In the present case, the knowledge element is weaker than in Taylor. In Taylor, the entrustor actually knew the driver drank a beer. Here, there is no evidence that Lindsay actually knew her brother took his medication that day. Also, there are no facts in the present record to suggest that Lindsay knew that Templeton's medication caused him to become incompetent to drive. In his

7

deposition, Templeton stated that he was accustomed to driving after taking his prescribed medications, and the medications "never impaired [him] in anyway." (Templeton Dep., Dkt. [50] 27:6-28:4). Thus, the fact that Lindsay knew that her brother may have taken his medication that morning provides no basis upon which Lindsay could have known that her brother was incompetent to drive at the time she entrusted the vehicle to him.

In contrast, Lindsay's statement to Officer Lamee constitutes facts from which actual knowledge could be reasonably inferred by a jury. Templeton had an opportunity to visually observe her brother while at her home during the considerable amount of time that he spent there before leaving to visit his grandmother. Her description of him "not acting right," depending on her specific observations of him, could amount to knowledge that he was under the influence of something and incompetent to drive. Officer Lamee's report states, "While speaking [to] Templeton it was very obvious that he was heavily under the influence. His speech was slurred, he was unsteady on his feet, all of his eye and body movements were in slow motion and his pupils were pinpoint." (Incident Report, Dkt. [53-1] at 2.) If Lindsay observed these same characteristics, a jury could infer that she had actual knowledge of Templeton's incompetence to drive.

8

Defense counsel argues that Lindsay is "not a doctor, nurse, or police officer and does not have the requisite education and training to determine whether an individual is under the influence . . . ." Defense counsel fails to acknowledge, however, that Lindsay is not dealing with a stranger, but her brother. She does not possess special training, but she does possess special information about her brother, including his typical mannerisms and behavior.

For the reasons stated above, as to Lindsay's knowledge of Templeton's physical and mental condition, the Court finds that genuine issues of material fact remain for the jury.

B. Known Habit of Recklessness

Defendant Lindsay argues that there are no facts to support the claim that she had actual knowledge that Templeton was an incompetent or reckless driver. (Def.'s Mot. for Summ. J., Dkt. [49] at 10.) The Court agrees.

To establish a "habit" of recklessness, Plaintiff relies upon one car accident that occurred in the "early 2000s," which Templeton explained was due to a driver pulling out in front of him and not due to his own fault. (Templeton Dep., Dkt. [50] 36:6-11.) Plaintiff has failed to present any evidence that Templeton was driving recklessly at the time of this accident and has failed to present any

9

evidence of other reckless driving incidents showing a habit of reckless driving. Even if Templeton was at fault, a single incident is insufficient to show a habit of recklessness. As to this basis for liability, the Court finds that there are no genuine issues of material fact for the jury.

IV.   Conclusion

For the reasons stated above, Defendant's Motion for Summary Judgment, Dkt. [49] is **DENIED**. The parties are **ORDERED** to file their proposed consolidated pretrial order within thirty days.

**SO ORDERED**, this 30th day of September, 2015.

_____
**RICHARD W. STORY**
United States District Judge